DAVID A. DE CLUE, ESQ. Bainbridge, New York
We acknowledge receipt of your letter concerning the emergency rescue and first aid squad of your fire department, hereafter referred to as the squad, which has been or is about to be authorized to furnish general ambulance service. You state: "The nearest hospital is located 4 miles from the * * * ([f]ire [d]istrict, but a better hospital where some local physicians prefer to practice is located 35 miles from the * * * [f]ire [d]istrict. These local physicians, and often a relative of the injured at the scene of an accident, have in the past requested that the * * * [s]quad transport injured persons to the more distant hospital facility." You inquire whether the squad "must take an injured person to the nearest hospital where professional help is available, unless a non-emergency case is involved" and whether "to follow the blanket directive of a physician, to take all his patients to a distant hospital, or the request or order of a distraught relative at the scene of an accident, would expose the * * * [f]ire [d]istrict to possible liability for failure to transport an injured in an emergency situation to the nearest hospital where professional medical attention is available." You also ask whether the squad may transport (a) a non-emergency case who is a resident of the fire district but a patient in the hospital 4 miles outside of the fire district to the other hospital which is 35 miles outside the fire district and (b) whether the squad may provide such transportation between those hospitals when the patient is an emergency case.
We will answer your request for an opinion, not in relation to the geographic boundary of the fire district, but in relation to the "area to be served," the "area served" and/or the "service area." This is necessary because of the various statutory provisions authorizing ambulance services to be provided in certain cases beyond the geographic boundary of the municipality or fire district in which the squad is organized.
General Municipal Law § 209-b, subdivision 1, paragraph a allows organization of emergency rescue and first aid squads composed of firemen who are members of the organizing department or company and provides that those squads may render services in case of accidents, calamities, or other emergencies in connection with which their services may be required as well as in case of alarms of fire. General Municipal Law § 209-b, subdivision 2, paragraph a allows the authorities having control of emergency rescue and first aid squads composed mainly of volunteer firemen to authorize the "squad to furnish general ambulance service for the purpose of (1) transporting any sick, injured or disabled person found within the city, town, village or fire district to a hospital, clinic, sanatorium or other place for treatment and care and returning any such person therefrom if still sick, injured or disabled and (2) returning any sick, injured or disabled resident of the city, town, village or fire district from a hospital, clinic, sanatorium or other place where such person has received treatment and care."
General Municipal Law § 209-b, subdivision 2, paragraph h provides as follows:
 "h. When general ambulance service is authorized pursuant to this subdivision, the emergency rescue and first aid squad shall answer all calls and demands for such service to be furnished to sick, injured or disabled persons entitled thereto in the area to be served, subject to such rules and regulations as shall be prescribed by authorities having control of such squad, and subject at all times to the emergency needs of the fire department and any limitations upon such service specified in a fire protection contract. Such rules and regulations may establish limitations on the distances which may be traveled outside the area to be served in order to reach hospitals, clinics, sanatoriums or other places where care and treatment is to be or has been furnished."
In our opinion, a squad, even though authorized to furnish general ambulance service, is not thereby allowed to provide transportation of either an emergency or a non-emergency patient from a hospital outside of the service area to another hospital outside of the service area. The expression "general ambulance service" is restricted by the statute to certain specified services and those which you describe are not so specified. The function you describe in relation to non-emergency patients is an invalid coach service as mentioned in Public Health Law, §3001, subdivision 6 and in the case of emergency patients is a service to be performed by one of the ambulance services described in Public Health Law § 3001 or a squad similar to yours but authorized to serve the area in which the first hospital lies. An exception to this conclusion would be when an emergency patient is taken from your service area to the first hospital and the hospital authorities direct the immediate transfer to another hospital which has better facilities to take care of the emergency; such a transfer could be accomplished unless it is contrary to the rules and regulations prescribed by the authorities having control of your squad.
In our opinion, performance of those unauthorized acts is not a firemanic duty; the immunity from suit of the squad member would be questionable as would be coverage under the Volunteer Firemen's Benefit Law; and there would be a violation of the Public Health Law Article 30.
In our opinion, subject to the restraints adopted pursuant to General Municipal Law § 209-b, subdivision 2, paragraph h by the authorities having control of your squad, there would appear to be no reason why a qualifying non-emergency patient should not be transported to and from a preferred hospital, clinic, sanatorium or other place where care and treatment is to be or has been furnished; however, in the case of a qualifying emergency patient and subject to those same restraints, a judgmental determination must be made by the person in charge of the squad, which judgment should be based on numerous factors, including, but not limited to, the training and experience of the person in charge of the squad, a doctor's professional judgment if a doctor is present, the nature of the injury or illness and the facilities and personnel available at the different possible destinations; unquestioningly following a request that a patient be taken to a particular place, without exercising judgment, might well overcome the immunity status created by General Municipal Law § 205-b and bar coverage under the Volunteer Firemen's Benefit Law.